{¶ 13} Rogers, J., dissents. I must respectfully dissent from the majority opinion and would affirm the decision of the trial court.
 {¶ 14} For whatever reason, there was no transcript available from the motion to suppress hearing held before the trial court. Accordingly, pursuant to App.R. 9(C), Appellant has provided a written statement of the evidence, which provides as follows:
 Now comes the Appellant to file a Statement of the Evidence at issue in this appeal, pursuant to Rule 9(c) of the Appellate Procedure. There is no transcript of proceeding available.
 At the Appellee's Motion to Suppress Evidence (Sic.) held on March 1, 2004, the relevant testimony was as follows:
 On November 8, 2003, at 1:06 a.m., the Appellee was observed operating a motor vehicle on State Route 235 in Logan County, by Ohio State Highway Patrol Trooper Ehrenborg. Trooper Ehrenborg testified that his attention was drawn to the Appellee's vehicle when he observed its right side tires travel two tire widths over the right side edge line. A short distance later he observed the vehicle's right side tires again cross the white edge line, this time by approximately one tire width. After the second observed instance of the Appellee crossing the white edge line, Trooper Ehrenborg stopped the vehicle.
 At the conclusion of Trooper Ehrenborg's testimony, the Court held that the crossing of the white edge line was not a violation of the law in the State of Ohio, and that it further was insufficient to raise reasonable suspicion to justify the stop of the Appelle's (Sic.) vehicle.
 This statement could not be served within the time limits prescribed by the rules as the Appellant was not made aware that the transcript was unavailable until April 20th, 2004.
(April 27, 2004 Statement of Evidence).
 {¶ 15} Here, Appellant has offered one assignment of error which alleges that "[t]he trial court erred when it held that Defendant's crossing of the white edge line did not violate the law and therefore justify the stop of the Defendant's vehicle." For the reasons stated in this court's opinion in State v. Phillips, 3d Dist. Case No. 8-04-25, 2006-Ohio-___, I would find that crossing of the white edge line is not a violation of law.
 {¶ 16} The statement of evidence further indicates that the trial court announced a finding that the evidence was "insufficient to raise reasonable suspicion to justify the stop of the Appelle's (Sic.) vehicle." It is the trial judge who heard the testimony of the witnesses, observed their demeanor, and could resolve any issues of credibility. Additionally, we have not been provided with any exhibits that might have been before the court at the suppression hearing nor a transcript of the suppression hearing. Because this court is limited to considering only the "statement of evidence" as "evidence", under App.R. 9(C), I would find that there is insufficient evidence properly before this court to second guess the trial judge on the issue of reasonable articulable suspicion.
 {¶ 17} Accordingly, I would overrule the assignment of error and affirm the decision of the trial court.